UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA BELYEW,<br><br>    Plaintiff,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION, et al.,<br><br>    Defendants. | Case No. 1:21-cv-01374-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO PROCEED** ***IN FORMA PAUPERIS***<br><br>(Doc. 2)<br><br>**14-DAY DEADLINE**<br><br>Clerk of Court to Assign a District Judge |

Plaintiff moves the Court to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 2.) Because Plaintiff has three "strikes" under section 1915(g) and fails to show that she is in imminent danger of serious physical injury, the Court recommends that Plaintiff's motion be **DENIED**.

**I. "Three-Strikes" Provision of 28 U.S.C. § 1915**

28 U.S.C. § 1915 governs proceedings *in forma pauperis* ("IFP"). The statute provides:

> In no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This section is commonly referred to as the "three strikes" provision.

1  *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) ("*King*"). "Pursuant to § 1915(g), a
2  prisoner with three strikes or more cannot proceed IFP [or in forma pauperis]." <u>Id.</u>; *see also*
3  *Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) ("*Cervantes*") (holding that
4  "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP
5  status under the three strikes rule"). The objective of the Prison Litigation Reform Act ("PLRA")
6  is to further "the congressional goal of reducing frivolous prisoner litigation in federal court."
7  *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

8      "Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which
9  were dismissed on the ground that they were frivolous, malicious, or failed to state a claim,"
10 *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles
11 such dismissal as a denial of the prisoner's application to file the action without prepayment of
12 the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has
13 accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP
14 action in federal court unless he can show he is facing "imminent danger of serious physical
15 injury." <u>See</u> 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception
16 for IFP complaints which "make[ ] a plausible allegation that the prisoner faced 'imminent
17 danger of serious physical injury' at the time of filing"). The danger he alleges to face must be
18 real, proximate, and/or ongoing. *Cervantes*, 493 F.3d at 1055; *see also Herbaugh v. San Diego*
19 *Sheriff's Dep't*, No. 3:18-cv-01899-JLS-NLS, 2018 WL 5024802, at *2 (S.D. Cal. Oct. 17,
20 2018) (citing *Blackman v. Mjening*, 1:16-cv-01421-LJO-GSA-PC, 2016 WL 5815905, at *1
21 (E.D. Cal. Oct. 4, 2016) ("Imminent danger of serious physical injury must be a real, present
22 threat, not merely speculative or hypothetical."). "[V]ague and utterly conclusory assertions" of
23 imminent danger are insufficient. *Herbaugh*, 2018 WL 5024802, at *2 (quoting *White v.*
24 *Colorado*, 157 F.3d 1226, 1231–32 (10th Cir. 1998)).

25     When applying 28 U.S.C. § 1915(g), the court must evaluate the order dismissing an
26 action and other relevant information before determining that the action "was dismissed because
27 it was frivolous, malicious or failed to state a claim." *King*, 398 F.3d at 1121. Not all dismissed
28 cases qualify as a strike under § 1915(g). *Id.*

Upon a finding that the plaintiff is barred by the three strikes provision of 28 U.S.C. § 1915(g), the proper procedure is to dismiss the case without prejudice because the filing fee is required when the action is initiated. *Campbell v. Vance*, No. CIV S-05-1163 RRB, 2005 WL 3288400, at *1 (E.D. Cal. Nov. 30, 2005) (citing *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002)). A plaintiff may still pursue her claims if she pays the civil and administrative filing fees required by 28 U.S.C. § 1914(a).

**II.    DISCUSSION**

The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980). Here, the Court takes judicial notice of three of Plaintiff's prior lawsuits that were dismissed on the grounds that they failed to state a claim:

(1) *Belyew v. Lamalfa, et al.*, Case No. 2:17-cv-01095-KJN (E.D. Cal.) (dismissed on Oct. 10, 2017, for failure to state a claim);

(2) *Belyew v. Dupre-Tokos, et al.*, Case No. 2:18-cv-00052-WBS-EFB (E.D. Cal.) (dismissed on Aug. 31, 2018, for failure to state a claim; and

(3) *Belyew v. Jones, et al.*, 2:18-cv-00895-MCE-EFB (E.D. Cal) (dismissed on Aug. 20, 2019, for failure to state a claim).

Each of these cases was dismissed prior to the commencement of the current action on September 14, 2021.[1] Plaintiff is therefore subject to the section 1915(g) bar, and she is precluded from proceeding *in forma pauperis* in this action unless, at the time she filed his complaint, she was under imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1052–53 (9th Cir. 2007).

The Court has reviewed Plaintiff's complaint, (Doc. 1), and finds that Plaintiff's allegations do not meet the imminent danger exception. In the complaint, Plaintiff states that "[f]or the 'imminent danger' ground it will take too long to exhaust" and that she is in imminent danger of physical harm because of retaliation. (*Id.* at 2.) More specifically, Plaintiff alleges that she was discussing "personal safety issues" with Sgt. Watters, who "allow[ed] another inmate,

---

[1] Plaintiff also filed *Belyew v. Honea, et al.*, Case No. 2:17-cv-01189-GEB-CKD (E.D. Cal.) (dismissed on Jan.10, 2018, for failure to file a signed amended complaint). Upon review, the dismissal of this case does not count as a strike.

3

with her ear to the door, listen to my safety concerns." (*Id.*) She had been threatened with physical violence and had a witness." Plaintiff's allegations, if true, do not show that she is in imminent danger of serious physical injury. *See Andrews*, 493 F.3d at 1055. Thus, Plaintiff is precluded from proceeding *in forma pauperis* in this action.

### III.     CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the Court **RECOMMENDS** that:

1. Plaintiff's motion to proceed *in forma pauperis*, (Doc. 2), be **DENIED**; and,
2. This action be **DISMISSED** without prejudice to refiling upon prepayment of the filing fee.

The Clerk of Court is **DIRECTED** to randomly assign a United States District Judge.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 29, 2021**                    _ /s/ Jennifer L. Thurston
                                                                       CHIEF UNITED STATES MAGISTRATE JUDGE